**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION**

| | | |
|---|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| *Plaintiff* | ) | **Case No. 2:26-cv-02093** |
| | ) | |
| *v.* | ) | |
| | ) | |
| **LANESHA SCOTT, SHANNON BOOTHE, WARREN ALBRIGHT, and LOLEETA WONDERLY-PARKS** | ) | |
| | ) | |
| *Defendants* | ) | |

**COMPLAINT FOR INTERPLEADER**

Interpleader Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorney, Jacqueline J. Herring of Hinshaw & Culbertson LLP, hereby submits its Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA").

**Parties**

1. Interpleader Plaintiff MetLife is a corporation organized and existing under the laws of New York, with its principal place of business in New York, New York. MetLife is duly licensed to do business in the State of Illinois.

2. Lanesha Scott ("Scott") was the fiancée of Brandon C. Albright ("Decedent"), is a resident of Milwaukee, State of Wisconsin, and is a citizen of the State of Wisconsin.

3. Shannon Boothe ("Boothe") was the godfather of Decedent, is a resident of Milwaukee, State of Wisconsin, and is a citizen of the State of Wisconsin.

4. Warren Albright ("Albright") was the father of Decedent, is a resident of Olive Branch, State of Mississippi, and is a citizen of the State of Mississippi.

5. Loleeta Wonderly-Parks ("Wonderly-Parks") was the mother of Decedent, is a resident of Milwaukee, State of Wisconsin, and is a citizen of the State of Wisconsin.

**Jurisdiction and Venue**

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1132(e) and (f), because the action arises under the laws of the United States, specifically ERISA. The Court also has original jurisdiction over this action pursuant to 28 U.S.C. §1335 because this is an interpleader in which two or more adverse claimants of diverse citizenship claim entitlement to money or property of the value of $500 or more. The Court further has original jurisdiction pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 28 U.S.C. §1397 and 28 U.S.C. §1391(b) because one or more defendants and claimants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

**Claim for Interpleader**

8. Decedent was an employee of Winland Foods, Inc. As a benefit of employment, Decedent obtained basic life insurance coverage under the Winland Foods, Inc. Health and Welfare Benefits Plan ("Plan"). Basic life insurance benefits under the Plan are funded by Group Policy No. 246166-1-G, issued by MetLife to Winland Foods as Policyholder ("Group Policy").

9. The Plan is an employee welfare benefit plan as defined by ERISA. The Plan and Group Policy are governed by ERISA. A copy of the Benefit Plan Booklet is attached as Exhibit A.

10. MetLife, as claim fiduciary, administers claims in accordance with ERISA and the documents and instruments governing the Plan. *See* 29 U.S.C. § 1104(a)(1)(D).

11. Decedent died on March 7, 2026. A copy of the Decedent's Certificate of Death is attached as Exhibit B.

12. At the time of his death, Decedent had basic life insurance coverage under the Plan in the amount of $102,000 ("Plan Benefits"). Upon Decedent's death, the Plan Benefits became payable to the proper beneficiary or beneficiaries.

13. ERISA defines a beneficiary as a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit under the plan. See 29 U.S.C. § 1002(8).

14. The Plan states:

> **Beneficiary**
>
> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You sign such request.
>
> You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You sign it. The change will not apply to any payment made in good faith by Us before the change request was recorded.
>
> If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.

> If there are no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine the Beneficiary to be one or more of the following who survive You:
> - Your Spouse or Domestic Partner;
> - Your child(ren);
> - Your parent(s); or
> - Your sibling(s).
>
> Instead of making payment to any of the above, We may pay Your estate. Any payment made in good faith will discharge our liability to the extent of such payment. If Beneficiary or a payee is a minor or incompetent to receive payment, We will pay that person's guardian.

(Exhibit A, pg. 93).

15. MetLife is not the beneficiary recordkeeper for the Plan. Beneficiary designations are maintained by Winland Foods as Plan Administrator.

16. On February 11, 2026, Decedent provided a written request to Winland Foods to designate Scott and Boothe as equal 50% beneficiaries of his Plan coverage. A copy of the February 11, 2026 letter is attached as Exhibit C. The letter was mistakenly dated "February 11, 2020," rather than 2026.

17. Scott and Boothe have each submitted a claim to MetLife for payment of the Plan Benefits. Copies of their claim forms are attached as Exhibits D and E.

18. Albright has sent multiple written correspondence to MetLife contending that Decedent lacked the capacity to "knowingly authorize beneficiary changes" due to his hospitalization and illness during the period from December 12, 2025 to his death on March 7, 2026. Albright contends the designation naming Scott and Boothe was not made knowingly or was the product of fraud or coercion. Copies of Albright's correspondence are attached as group Exhibit F.

19. Decedent did not have a spouse or children at the time of his death.

20. On or about August 13, 2026, Albright submitted a Claimant's Affidavit identifying himself and Wonderly-Parks as the Decedent's surviving parents and representing that the Decedent never married. A copy of Claimant's Affidavit is attached as Exhibit G.

21. By letter dated October 13, 2026, counsel for Boothe notified MetLife of its representation and demanded payment of Boothe's designated fifty-percent share.

22. If a court were to determine that the February 11, 2026 beneficiary designation is valid, then the Plan Benefits are payable in equal 50% shares to Scott and Boothe.

23. However, if a court were to determine that the February 11, 2026, beneficiary designation is invalid because the Decedent lacked capacity or because it resulted from fraud, coercion, or undue influence, no valid beneficiary designation would exist, then the Plan Benefits would be payable to Albright and Wonderly-Parks in equal 50% shares as provided by the Plan.

24. MetLife is unable to determine and make payment to the proper beneficiaries of the Plan Benefits without the risk of exposure to multiple liabilities and the vexation of litigating multiple claims. MetLife is a neutral stakeholder of the Plan Benefits. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its reasonable costs in connection with this action). MetLife therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

25. MetLife is ready, willing, and able to pay the Plan Benefits in accordance with the Plan to the Defendant or Defendants designated by the Court. MetLife will deposit into the Registry of the Court the Plan Benefits due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court. Upon deposit of the Plan Benefits, MetLife should be dismissed with prejudice and released from any further involvement or participation in this litigation.

26. MetLife has incurred costs and attorney fees in bringing this interpleader action to resolve the competing claims to the Plan Benefits. MetLife requests an award of its court costs and reasonable attorneys' fees to be deducted from the Plan Benefits upon deposit with the Clerk of Court or other court ordered escrow representative.

WHEREFORE, Interpleader Plaintiff MetLife respectfully requests that the Court enter an Order for the following relief:

(i) Authorizing MetLife to deposit with the Clerk of Court, or other Court ordered escrow representative, the Plan Benefits plus any applicable interest payable under the Plan due to the death of Decedent;

(ii) Requiring Lanesha Scott, Shannon Boothe, Warren Albright, and Loleeta Wonderly-Parks to interplead with each other to determine their respective rights to the Plan Benefits;

(iii) Discharging MetLife, Winland Foods as the Plan Sponsor, the Plan, and the Group Policy, from any further liability with respect to the Plan and Plan Benefits, and from any further liability to Lanesha Scott, Shannon Boothe, Warren Albright, and Loleeta Wonderly-Parks or any other person or entity under the Plan with respect to Decedent's coverage under the Plan;

(iv) Enjoining and restraining Lanesha Scott, Shannon Boothe, Warren Albright, and Loleeta Wonderly-Parks and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against MetLife related to the Plan, the Plan Benefits or the Decedent's coverage under the Plan, including any interest or claims related thereto;

(v) Dismissing MetLife from this litigation, with prejudice; and

(vi) Awarding MetLife its reasonable costs incurred herein to be paid from the Plan Benefits, along with any and all other relief the court deems appropriate.

Respectfully submitted,

By: /s/ *Jacqueline J. Herring*
Attorney for Interpleader Plaintiff,
Metropolitan Life Insurance Company

Jacqueline J. Herring (IL-6282246)
HINSHAW & CULBERTSON LLP
151 North Franklin St., Suite 2500
Chicago, Illinois 60606
P 312.704.3975 | F 312.704.3001
JHerring@hinshawlaw.com